G. W. Hoover and others

*v.*

The Montclair and Greenwood Lake Railway Company.

The court will authorize a receiver of a railroad company to make all necessary repairs, and, if necessary, will charge the expense as a first lien on the property prior to existing mortgages thereon.

Petition of receiver for authority to issue certificates of indebtedness to raise money for necessary repairs to the railroad.

*Mr. Cortlandt Parker*, for the application.

*Mr. Charles W. Hassler*, of New York, *contra.*

The Chancellor.

The receiver reports, and the proof shows, that the rail·road (now in the hands of the receiver, who was appointed under proceedings in insolvency, taken under the " act concerning corporations,") is in such need of repairs that it cannot be operated with safety to the traveling public unless the repairs be made. There can be no doubt as to the duty of the court under the circumstances. Every consideration is in favor of making the repairs. The value of the trust estate depends in a very great measure upon them. If they be not made the operation of the road must necessarily cease. The injury to the value of the trust estate which would be occasioned thereby would obviously be great, to say nothing of the inconvenience to the public. It is incumbent on the court to see to it that the receiver keeps up the property by making any necessary repairs, and to that end it may provide the means by pledge of the property, if necessary. *Morison* v. *Morison,* 7 *DeG. M. & G.* 214; *Stanton* v. *Ala., &c. R. R. Co.,* 2 *Woods* 506; *Bright*

v. *North*, 2 *Phill.* 216; *Jerome* v. *McCarter*, 94 *U. S.* 734, 738. Especially is it the duty of the court to make the repairs in this case where the legislature has imposed upon it the obligation of operating the road for the public convenience. By the act (approved February 11th, 1874) entitled " A further supplement to an act entitled an act to prevent frauds by incorporated companies," it is provided that whenever any incorporated railroad company in this state shall become insolvent, and the property of such company shall have passed into the hands of a receiver by order of the chancellor, in accordance with the statute in such case made and provided, the receiver shall be empowered to operate the road for the use of the public, subject at all times to the order of the chancellor. (*Rev.* p. 196.) All the encumbrancers in this case have, in fact, taken their encumbrances since the approval of that act. The power to make the repairs, however, does not depend on that circumstance, nor on the statute. The first mortgagees are represented before me by counsel who represents also a very large proportion in number and amount of the second mortgage bondholders. The parties represented by him are desirous that the authority which the receiver seeks be given to him. The trustees of all the mortgage bondholders have been notified of this application, and they are represented before me, and are desirous that it be granted. The receiver has no funds with which to make the repairs. There will be an order authorizing the making of such repairs as are absolutely necessary, and the issuing of receivers' certificates of indebtedness accordingly. The certificates will be declared to be a debt incurred for the benefit and protection of the property, and to be the first lien upon it, and on the net receipts, rents, income and profits of the railroad; the net receipts, &c. to be applied to the payment thereof before recourse is had to the property itself.